# Serrill et al. *v.* Denman et al.

## [JUNE 3, 1844.]

In an action against a firm, where one of the partners dies pending the suit, his executors cannot be made parties under the 27th section of the act of 24th February, 1834, but the action must proceed against the survivor and his representatives.

THIS was a *scire facias* under the 27th section of the act of February 24, 1834, to make the executors of Worley parties to the suit which had been originally brought against Worley, Welsh & Connell, copartners, &c., and had been returned "*nihil habet*" as to Connell.

The defendants in their second plea alleged, "that Worley died in the lifetime of Welsh, against whom the action survived: that Welsh died in the lifetime of Connell, who is now living, and that the cause of action survived against him," &c. To this plea there was a demurrer.

*M<sup>c</sup>Call* and *D. P. Brown*, for plaintiffs.
*Dunlap* and *Randall*, for defendants.

The opinion of the court was delivered by
SERGEANT, J.—This suit was originally brought against Connell, Worley & Welsh, to recover a partnership debt. As to Connell the return was, "not summoned;" and after declaration in the usual way, the suit proceeded against Worley and Welsh alone. The deaths of these two defendants have occurred since the suit was pending, and before judgment. Connell has never made himself a party to this day. One question raised by the defendants is, whether the plaintiff is not turned round to a suit against Connell alone, as sole surviving partner on the general principle of law.

I am inclined to think on this second plea, which is all that is before me now, that this question must be resolved altogether by the circumstance of Connell's being returned

[Serrill *v.* Denman.]

"not summoned," a proceeding in our practice equivalent to outlawry in England. If this proceeding excludes Connell from being any longer a party, and renders it virtually and in legal contemplation a suit only against Worley & Welsh, then the same doctrine will apply as if the suit was only against Worley & Welsh; and it would be between them altogether that the question of proper parties would arise. I do not feel myself authorized to decide that question in this case; because I do not wish to interfere with either party in the course which they may be advised to take. It is a question of some magnitude and novelty, and would perhaps require more consideration than I can now bestow. But I am clearly of opinion, as between Worley and Welsh, supposing this point settled, that the suit may proceed; this plea in bar is good as far as respects the executors of Worley who have put in this plea. Now it is in vain to attempt a distinction between continuing a suit pending, and commencing a new suit, because a suit to be continued must be continued correctly; and it is evidently for that purpose that the act of assembly requires a judgment of the court. There is nothing new in that act; it is in accordance with the statute of Wm. and the practice in England. The English authorities are directly applicable, and we have the law explicitly laid down, that a suit for a partnership debt must be brought against the surviving partner, and you cannot join the representatives of a deceased partner in a suit against a surviving partner or his representatives.*

* The act of 11th April, 1848, (*Dunl.* 1124,) provides that "where a judgment shall hereafter be obtained against two or more copartners, or joint or several obligors, promissors or contractors, the death of one or more of the defendants shall not discharge his or their estate or estates, real or personal, from the payment thereof; but the same shall be payable by his or their executors or administrators, as if the judgment had been several against the deceased alone. And in any suit or suits which may hereafter be brought against the executors or administrators of a deceased copartner, for the debt of the firm, it shall not be necessary to aver on the record, or prove on the trial, that the surviving partner or partners is or are insolvent, to enable the plaintiff to recover."